UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN FELICIANO,

  Plaintiff,

v.               CASE No.:

TRACE SYSTEMS, INC.

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Steven Feliciano** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Trace Systems, Inc.,** ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Florida Civil Rights Act ("FCRA") Fla. Stat. §760.01 *et seq.* and the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*).

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is a limited liability company authorized and doing business in the State of Florida and within this District.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FCRA and the ADA.

10. At all times material hereto, Defendant was an "employer" within meaning of the FCRA and the ADA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff worked for Defendant from February 2019, until his unlawful termination on or around October 1, 2025.

13. At the time of his termination, Plaintiff held the position of Technical Project Manager.

14. Plaintiff was a hardworking employee who was qualified for his position never had any sort of attendance or performance issues.

15. As Defendant was aware, Plaintiff suffered from a mental impairment that substantially limited one or more of his major life activities.

16. At all times, Plaintiff was able to perform the essential functions of his position with or without accommodation.

17. Plaintiff disclosed his disabilities to Defendant and requested a medical accommodation in March 2025.

18. Plaintiff's request was reasonable and would not have posed an undue hardship on the business.

19. Specifically, Plaintiff requested an accommodation in the form of bringing his trained service dog, Kaia to work.

20. Defendant engaged in an unnecessarily prolonged and burdensome interactive process, in which it requested extensive medical documentation and multiple requests for Plaintiff to re-submit paperwork. Plaintiff provided Defendant all necessary paperwork to inform Defendant of how his requested accommodation would assist him in completing the duties of his job.

21. Rather than grant his request, Defendant retaliated against Plaintiff by relocating him to a temporary room in the same building, requiring him to sign a Service Animal Accommodation Agreement, reviewing a draft email from HR to Tampa staff informing the staff about the service dog, and then indicating that Defendant would have to construct a room for Plaintiff in another Trace building – separating Plaintiff from his team without any performance related justification.

22. In July 2025, after initially offering remote telework, Defendant withdrew that accommodation when Plaintiff asked clarifying questions about bringing his service dog for occasional on-site requirements.

23. Instead, Defendant required Plaintiff to work in the office five days per week without any accommodation.

24. On July 30, 2025, Plaintiff signed the Service Animal Accommodation Agreement as required by Defendant.

25. Despite submitting the agreement and complying with all requirements, from August through October 2025, Defendant failed to provide any the accommodations it promised.

26. Defendant refused to accommodate Plaintiff's disability by allowing him to bring his service dog to work as agreed.

27. Defendant stopped engaging in the interactive process and ceased all communication regarding his accommodation requests after he signed the agreement.

28. Plaintiff engaged in protected activity when he complained to Defendant's Human Resources department about the failure to accommodate his disability.

29. Shortly thereafter, in direct retaliation to his protected activity, Defendant terminated Plaintiff's employment under pretext on or about October 3, 2025.

30. Clearly, Defendant terminated Plaintiff in retaliation to his protected activity under the ADA and the FCRA.

31. Defendant chose to take adverse employment action against Plaintiff by retaliating against him for engaging in protected activity under the FCRA and the ADA.

32. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FCRA and the ADA.

## COUNT I – FCRA VIOLATION (DISABILITY DISCRIMINATION)

33. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Plaintiff is a member of a protected class under the FCRA due to his disability.

35. Plaintiff was subjected to disparate treatment because of his disability.

36. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

37. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff; and

(e) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

38. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 32 of this Complaint as though fully set forth herein.

39. Plaintiff is a member of a protected class under the FCRA due to his disability.

40. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

41. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

42. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff; and

(e) Additional relief to which Plaintiff is entitled, including equitable relief.

### COUNT III —ADA VIOLATION
### (DISABILITY DISCRIMINATION)

43. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

44. Plaintiff is a member of a protected class under the ADA due to his disability.

45. Plaintiff was subjected to disparate treatment because of his disability.

46. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT IV — ADA RETALIATION

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the ADA due to his disability.

51. Plaintiff exercised or attempted to exercise his rights under the ADA, thereby engaging in protected activity under the ADA.

52. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

53. Defendant has taken material adverse action against Plaintiff.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this _____ day of _____ 2026.

                                          Respectfully submitted,

                                          *s/*_____
                                          **SAMUEL DOXSEE**
                                          Florida Bar Number: 127318
                                          **CHAD A. JUSTICE**
                                          Florida Bar Number: 121559
                                          **JUSTICE LITIGATION ASSOCIATES, PLLC**
                                          1205 N Franklin St
                                          Suite 326
                                          Tampa, Florida 33602
                                          Direct No. 813-566-0550
                                          Facsimile: 813-566-0770
                                          E-mail: sam@justicelitigation.law
                                          E-mail: chad@justicelitigation.law
                                          **Attorneys for Plaintiff**